IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | |
| CECIL ROHAN TANNASSEE | : | NO.  02-344 |

MEMORANDUM

O'NEILL, J.                                                                                                NOVEMBER 17, 2006

In order to consider the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, I have reviewed the following:

1. The Petition and the briefs and exhibits of the parties;

2. The Report and Recommendation of Magistrate Judge Wells;

3. Petitioner's Objections to the Report;[1]

4. Transcript of the hearing before Magistrate Judge Wells on June 7, 2006;

5. Transcript of the Starks hearing on October 21, 2002;

6. Transcript of the trial October 22 – October 25, 2002.

Petitioner declined to enter a guilty plea and elected to go to trial as was his right.  He appears to have been a successful small businessman who came from a well established and

---

[1] In his objections petitioner asserts: "[G]iven the fact that Judge O'Neill advised Mr. Turner after the guilty verdict that he may have a motion for a new trial under Rule 33 . . . it was deficient for trial counsel not to file such a motion and argue the law of conspiracy therein." After the verdict, I merely informed counsel and petitioner that it was open to them to file a motion for a new trial; I did not suggest that there were grounds for such a motion.  In fact, when, post verdict, I considered the matter of detention or the continuation of bail, I stated that I did not recall any error in the trial and concluded that there was no substantial likelihood that a motion for acquittal or for a new trial would be granted.

reputable family in Florida. He was age 40 at the time of trial and his criminal record consisted of three crimen falsi convictions (auto theft, not drugs) some 14 years before, for which he served time, and a violation of probation when he was serving his probation period for one of those offenses. He had no subsequent contact with the law.

Judge Wells finds that Dennis Turner, Esquire, defense counsel, was deficient in that he advised petitioner to testify and his brother-in-law Ralph B. Laughton, a member of the bar, to testify as a character witness without filing a motion in limine to prevent petitioner's crimen falsi convictions from being admitted into evidence.

I have difficulty with this conclusion. When a defense lawyer has a client who insists on going to trial against overwhelming proof of guilt it is difficult to criticize the lawyer for advising his client to grasp at the only chance for acquittal by testifying and attempting to establish that he was a reputable businessman who would not have engaged in the criminal conduct charged by the government. Faced with such overwhelming proof of guilt, Mr. Turner could have reasonably believed that putting petitioner's credibility in issue was the only chance for acquittal even if doing so would have exposed petitioner's crimen falsi convictions to the jury.[2] I should add that throughout this case Mr. Turner conducted the defense skillfully and with a high degree of professionalism.

Assuming, however, that Mr. Turner's performance was deficient, it is clear to me that Judge Wells' conclusion that the deficient performance was not prejudicial to the outcome of

---

[2] At least one of the crimen falsi convictions would have been presumptively admissible if petitioner testified, and questioning as to all three crimen falsi convictions would have been admissible for impeachment purposes if petitioner's brother-in-law testified as a character witness.

petitioner's case under <u>Strickland v. Washington</u>, 466 U.S. 688 (1984), is correct.  My review of the trial transcript convinces me that the evidence of petitioner's guilt was, as I have stated, overwhelming.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| v. | : | |
| CECIL ROHAN TANNASSEE | : | NO. 02-344 |

O R D E R

AND NOW, this 17th day of November, 2006, it is hereby ORDERED that:

1. Subject to the comments in the accompanying Memorandum, the Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is DENIED; and

3. There is no probable cause to issue a certificate of appealability.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR.,                    J.